UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

DELOUIS PIERROT,

       Plaintiff,

vs.

LATTCO SERVICES, INC.,

       Defendant.
_____/

## **COMPLAINT**

COMES NOW, Plaintiff, DELOUIS PIERROT, by and through his undersigned counsel, and sues the Defendant, LATTCO SERVICES, INC., and alleges as follows:

### **INTRODUCTION**

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

### **JURISDICTION AND VENUE**

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

### **PARTIES**

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. The Plaintiff was an employee for the Defendant since November 10, 2019.

8. In December of 2021, Plaintiff was notified from his family in Haiti that his father was extremely ill, and that he was needed to help care for him.

9. This is qualifying leave under the FMLA, and thus he was entitled to take up to 12 workweeks of job-protected unpaid leave to care for his parent.

10. On December 13, 2021, Plaintiff spoke to his supervisor and advised he needed time off to see his father in Haiti due to this condition.

11. Plaintiff was provided several forms to complete and his supervisor was aware that he would be out from December 18, 2021–January 3, 2022.

12. However, the day before his leave was to begin, December 17, 2021, Plaintiff went to pick up his check and was informed that his days off were denied.

13. Plaintiff advised he needed the time off for his father, and was essentially forced to choose between his parent and his position: something the FMLA specifically was enacted to prevent.

14. Plaintiff therefore took his leave, and when he returned, on January 3, 2022, he was informed he was terminated.

## COUNT I

## FMLA INTERFERENCE

15. The Plaintiff incorporates by reference paragraphs 1-14 herein.

16. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

17. The Defendant unlawfully interfered with the Plaintiff's exercise of his FMLA rights by failing to reinstate his position, or equivalent thereto, upon his return from FMLA leave.

18. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

19. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, DELOUIS PIERROT, requests that judgment be entered against the Defendant, LATTCO SERVICES, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FMLA RETALIATION

20. The Plaintiff incorporates by reference paragraphs 1-14 herein.

21. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

22. As a result of this exercise of the FMLA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

23. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

24. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

25. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, DELOUIS PIERROT, requests that judgment be entered against the Defendant, LATTCO SERVICES, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: March 10, 2022.    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920